Mr. Chief Justice ShaRKey
delivered the opinion of the court.
This case originated out of a trial of the right of property, in which the jury found the issue for the plaintiffs in execution, who are defendants in error. The claimant predicates his right on the provisions of the will of James Longstreet, on whose estate he is administrator, with the will annexed. The execution was against the widow of James Longstreet, and Hutchinson Dent. If by the will Mrs. Longstreet had an absolute life estate in the slaves levied on, the judgment must stand; but if the property was subject to a trust or charge in favor of the children of Longstreet, then it cannot be reached by an execution at .law.
The -clauses of the will which raise the question are the following: “First, I give my whole estate, both real and personal, to my wife during her widowhood.”
“Fourth, during my wife’s widowhood, she is to have the entire use, profits, and control of my estate, and to her discretion do I entrust the education and maintenance of my children during that time; but in case of her death or marriage before the time appointed for a division as aforesaid, then it is my desire that my children be all supported, and that the girls under sixteen, and the boys under eighteen, be as well educated out of the annual profits of my estate as they will allow up to the time of division, ,the profits to be first applied to their support, and in case of a deficiency, then to educate all the children embraced in the last clause, the balance to be applied in educating the younger in preference to the older children.”
*471 The second clause provides, that in case of the death of the wife before the youngest child should arrive at the age of sixteen, the property should be kept together until that time, and then divided.
The first clause makes an absolute gift to the wife, but the subsequent clauses make it manifest that the testator intended that the gift should be a qualified one, and that the profits should be appropriated to the support and education of his children. He evidently gave the wife, so long as she might remain unmarried, “ the entire use, profits, and control ” of his estate in confidence, that she would properly appropriate such profits for the maintenance and education of his children. And that object was so prominent in the mind of the testator that he provided for its accomplishment in the event of the wife’s death. The absolute gift to her is complete with a specific purpose. Although the language of a will may make an absolute gift, yet if other appropriate expressions be used which show, with sufficient certainty, that but a qualified gift was intended, a court of equity will look to the clear intention of the testator, and raise a constructive trust when none has been expressly declared. But the words of recommendation, or of hope used by the testator must be certain; first, as regards the objects tó whom such terms are applied, and second, the subjects of property given must also be certain. The words are then considered imperative and create a trust. This, says Judge Story, is the result of the cases on that subject. Story’s Eq, Jurisp. 452, § 1068, 4th ed.
In the case of Knight v. Knight, 3 Beav. R. cited in Story’s Eq. Jur. 456, the rule is thus laid down: That when property is given absolutely to any person, and the same person is, by the giver, who has power to command, recommended, or entreated, or wished to dispose of that property in favor of another, the recommendation, entreaty, or wish shall be held to create a trust. First, if the words are so used, that, upon the whole, they ought to be construed as imperative; secondly, if the subject of the recommendation or wish be certain; and thirdly, if the objects or persons intended to have the benefit of *472 the recommendation, or wish, be also certain. The examples given in illustration of the rule, are very much like the present case, and certainly reach it in principle.
In Wright v. Atkins, 1 Turn. & Russ. 157, Lord Eldon said, that in order to determine whether a trust of this sort is a trust, the words must be imperative, the subject must be certain, and the object must be as certain as the subject.
We think the 4th clause of the will comes within the rule. Taken altogether, it is clear that the children were the objects of the testator’s bounty. An unconditional gift of the profits of all the property to the wife, would of course defeat the subsequent appropriation to the maintenance and education of the children. The subsequent declaration, therefore, that they were to be supported and educated out of the profits, is a condition annexed to the previous words of gift. And the appropriation of the profits to that purpose in case of the death of the wife, shows that he had confidence that she would so apply them during her life. The first clause of the will contains an absolute gift, but that was not intended. It is entirely inconsistent with the subsequent provisions for a division of the property, and the appropriation of the profits. The whole structure of the will shows that the disposition, in favor of the wife, was made in confidence that it would result to the children. To prove this, let us suppose that the testator had nothing of the kind in view; then, by the first clause he gave his wife the entire estate during her widowhood. This would have carried the profits. Then in the fourth clause, he gave her the profits. The children, then, were left without the means of support or education. ■ Such a result is entirely inconsistent with the declared purpose of the testator, contained in the conclusion of the fourth clause, where he expressly declares that the profits shall be applied to the support and education of the children. The language employed seems to leave no room for doubt. “ During my wife’s widowhood she is to have the entire use, profits, and control of my estate, and to her discretion do I entrust the education and maintenance of my children during that time.” Now if he had said, “I give the profits of my estate to my wife, *473 and therefore entrust the education and maintenance of my children to her,” no one would have doubted that he looked to the profits as a fund so to be applied. And the language used in effect amounts to this. It amounts to an imperative command that his wife should support and educate the children. The manner of educating and supporting was left to her discretion, but nothing more. We have, then, language which imperatively commands that the children should be educated and supported, and a specific fund set apart for that purpose. The words are imperative, the subject certain, and the objects equally certain. Hence we conclude, that the will created a constructive trust in the profits of the estate for the support and education of the children, and that the wife, as trustee, is bound to carry out the trust. The property cannot be sold for her debts, for that would cut off the profits and defeat the trust.
The court charged the jury, that by the will such an estate vested in Mrs. Longstreet as was liable to execution against her, and that she was entitled to, and not bound to account for the profits. In this there was error, as it was in proof that there were children living.
But it is objected that the administrator is not a proper party; that Mrs. Longstreet should have been the claimant. The answer to this is obvious; this trust was to be executed by the executors in case of her death, who are now represented by the administrator. If the widow will not protect the property, then it is the duty of the administrator to do so. It is still part of the estate of Longstreet, and subject to a charge in favor of his heirs.- The administrator is the representative of the estate, and he really had possession of part of the property. He is a joint trustee with the wife, and may interpose his claim to prevent the trust from being defeated.
Whether the party, who is seeking to subject this property, will be entitled to a remedy when the trust is fully executed, we need not now determine.
Judgment reversed and cause remanded.